UNITED STATES DISTRICT COURT FOR
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

Case Number: 1:19-cv-20638-xxxx

JUAN LLAURO, JORGE LLAURO,
CARLOS LLAURO, SAMUEL ABAD,
JOEL BRITO, and MARIA MARTINEZ,
Individually, and CAPRI CONSTRUCTION CORP.,

       Plaintiffs,

v.

BROWARD COUNTY, FLORIDA, and
DETECTIVE MICHAEL LINVILLE,
DETECTIVE JOEL VALDES, both individually,

       Defendants.

_____/

## COMPLAINT

Plaintiffs JUAN LLAURO, JORGE LLAURO, CARLOS LLAURO (collectively, the "LLAUROS"), MARIA MARTINEZ, SAMUEL ABAD, And JOEL BRITO, individually, (collectively, all of the individual plaintiffs are referred to hereinafter as the "Individual Plaintiffs") and CAPRI CONSTRUCTION CORP. ("Capri" or "Corporate Plaintiff") (collectively, all of the plaintiffs are referred to hereinafter as the "Plaintiffs"), by and through undersigned counsel, sue Defendants BROWARD COUNTY, FLORIDA ("Broward"), and Detectives MICHAEL LINVILLE, and JOEL VALDES, individually (collectively, the "Individual Defendants") (all defendants are collectively hereinafter referred to as the "Defendants"), and allege the following:

1

## JURISDICTION AND VENUE

1.      This is an action for damages in excess of $15,000 against Defendants, exclusive of costs and interest, brought pursuant to 42 U.S.C. §§ 1983 and 1988, and applicable state and other federal law, for unlawfully and unconstitutionally drafting, executing, and acting upon, and causing others to act, upon a materially false probable cause affidavit against Plaintiffs, and failing to take actions to prevent such violations of law from occurring, despite audio and video evidence, and other evidence or lack thereof[1], disproving probable cause, and failing to advise the criminal court judge of such facts, thereby misleading her into signing the arrest and search warrants.  It led to their unlawful arrest, incarceration, phony civil forfeiture proceedings, and wrongful taking involving their personal and business bank accounts, amounting to, among other legal violations, deprivation and violations of their constitutionally protected rights and entitlements, and violations of other federal laws and state laws.

2.      This Court has jurisdiction over this action in that the controversy arises under the United States Constitution and under 42 U.S.C. §§ 1983 and 1988.  Plaintiffs further invoke the supplemental jurisdiction of this Court under 23 U.S.C. § 1367(a) to hear and adjudicate state law claims.

3.      Individual Plaintiffs are Florida residents residing in and Miami-Dade County, Florida, or nearby.

---

[1] As mentioned in paragraph 21, below, the Office of Insurance Regulation of Florida ("OIR") has ruled that actual proof of the existence of workers not reported by their employer to their workers compensation insurance carrier is a prerequisite to any entitlement to additional insurance premiums and it is the carrier's burden to prove such facts.  If the Defendants claimed fraud by Plaintiffs for failure to report workers to their workers compensation carrier, Bridgefield, then ergo they must have had the names and other identifying information for the workers per the ruling of OIR.  Instead, Individual Defendants contacted Bridgefield and had its representative sign a phony affidavit stating that the Plaintiffs had millions of unpaid workers compensation premiums, as told to Bridgefield by individual defendants.  Interestingly, the evidence will bear out that Bridgefield audited Capri yearly and had found no evidence of such allegations of fraud.

4.      Plaintiff Capri is a Florida corporation headquartered in and doing business in Miami-Dade County, Florida.

5.      Broward County is a political subdivision of the State of Florida. Members of its agency, the Broward County Sheriff's Office (the "BSO") and/or a joint task force controlled and or operated by the BSO and purportedly investigating workers compensation fraud committed acts in Miami-Dade County that are the subject of this Complaint.  Defendant Valdes is a Miami-Dade County Detective assigned to the joint task force under the supervision of the BSO.

6.      Upon information and belief, Michael Linville is a Florida resident residing in Broward County, Florida.

7.      Upon information and belief, Joel Valdes is a Florida resident residing in Miami-Dade County, Florida.

8.      The pertinent facts and circumstances alleged herein, and the resulting damages, occurred or did not occur in Miami-Dade County, Florida.  Additionally, one of the defendants, Valdes, resides in Miami-Dade County, Florida.  Therefore, venue is proper in this district under 28. U.S.C. 1391(b).

## GENERAL ALLEGATIONS

9.      This lawsuit arises because the BSO orchestrated a phony "money grab", intentional and malevolent "false arrest and imprisonment" and malicious prosecution, and "coverup" coercion and extortion, all the while fabricating purported probable cause to bamboozle the Miami-Dade State Attorney's Office into filing one or more false arrest affidavits and misleading a state criminal court judge into executing one or more arrest warrants and search warrants without probable cause.

10.     Each action or inaction of the Defendants that gave rise to the causes of action alleged in this Complaint are due to a conscious disregard of proper practices and procedures in investigating and charging defendants with alleged crimes based on probable cause.  Each such action or inaction evidence a pattern of conduct that the BSO intended in order to obtain additional funds to directly or indirectly supplement the pay of its detectives, pay for desired equipment or other expenses in the guise of "investigative costs", all without proper checks and balances or supervision.

11.     At all relevant times, individual Plaintiffs worked for Plaintiff construction company Capri.

12.     At all relevant times, Michael Linville was a detective with the Broward County Sheriff's Office assigned to the Broward County Sheriff's Office Strategic Investigations Division, Money Laundering Task Force ("MLTF"), and the Broward Sheriff's Office, Strategic Investigations Division, as part of a Multi-Agency Workers' Compensation Fraud Task Force ("WCFTF") of or in Broward County, Florida.

13.     At all relevant times, Joel Valdes was a Miami-Dade County Sheriff's Office Detective assigned to one or more of the MLTF and the WCFTF.

14.     The governing documents for the MLTF and the WCFTF are attached hereto as **Composite Exhibit "A".**

15.     On January 2016, Detectives Linville and Valdes (the "BSO Detectives"), executed a materially false and misleading probable cause affidavit against the Plaintiffs in Miami-Dade County, attached hereto as **Exhibit "B",** all for presentation through Miami-Dade Assistant State Attorney Kerry Crocket (the "ASO") to Miami-Dade State Circuit Judge Miranda.  As stated below, such Judge later came to learn that the ASO did not conduct an

4

independent determination of probable cause and, instead, relied exclusively on the police officers for evidence of probable cause to issue the warrants.

16.     The BSO Detectives knew or should have known, in the exercise of due care that the affidavit was unfounded and based on fabricated, incomplete, coerced, and false information. In fact, the affidavit materially omits exculpatory information, e.g., the existence of video/audio recordings that proved one or more of the key defendants in the ensuing criminal proceedings were not violating applicable law or merited any criminal charges and any mention of the OIR ruling requiring actual names and other identifying information of unreported workers.  The recordings also discredited the principal ci's/cw's that are referenced in the phony probable cause affidavit.

17.     The BSO Detectives, in particular the Individual Defendants, knew or should have known, in the exercise of due care, that the affidavit was not supported by probable cause; thus, the BSO lacked probable cause for the arrest and incarceration of the Individual Plaintiffs and the resulting seizure of business records, computers, and bank accounts of practically all of the Plaintiffs and, as applicable, their spouses.

18.     The probable cause affidavit falsely accused Plaintiffs of engaging in an elaborate scheme of workers compensation insurance fraud, effectively because Capri paid its subcontractors with checks and then after learning of the check cashing store seizures changed to direct deposit.  At the time the BSO Detectives executed their unfounded probable cause affidavit, Defendants had no credible or actual evidence that any of the Plaintiffs had broken any laws. In fact, as mentioned above, the BSO Detectives had taped conversations that proved the opposite, i.e., the Defendants were not engaged in any wrongdoing.

19.     On Page 34, the probable cause affidavit falsely claims that from December 23, 2013 to December 23, 2014, Capri paid $14,042,132.38 in unreported payroll for unreported employees.  This was completely false and Defendants had no basis for claiming that these payments were for Capri's payroll.  The prosecutor eventually admitted during the criminal proceedings that there was no evidence of any wrongdoing or that any such payments were for unreported Capri employees.

20.     In fact, the Detectives failed to follow the ruling of the Office of Insurance Regulation in In the Matter of WJP Roofing Contractors, Workers Compensation Appeal, Case No: 108490-10, which the First District Court of Appeal affirmed on appeal.  The final order is attached as **Exhibit "C"**.  That case holds the workers compensation insurer seeking to assess additional premiums for workers compensation insurance must prove the existence and identity of any unreported workers compensation employee of the contractor.  By extension, in order to prove the criminal failure to report employees to its workers compensation insurance carrier, law enforcement must prove not only the existence or identify of such employees, but that the failure was intentional.  Here, the BSO did not have any evidence of either fact necessary for probable cause but misused their arrest, seizure, and police powers to engage in constitutional and other legal violations, and misrepresented and omitted crucial facts from the arrest affidavits, all to engage in a fishing expedition, extort $250,000, and maliciously prosecute, wrongly arrest and incarcerate practically all of the Individual Plaintiffs in a constitutionally offensive manner, fully well knowing it was intentionally doing so. The Individual Defendants acted for themselves and for the BSO in "phonying up" the affidavit and deceiving the Miami-Dade SAO and the criminal court into seeking and issuing arrest warrants without probable cause.  Each detective earned overtime and benefits, as well as "points" with their superiors at the BSO due to their wrongful

acts against Plaintiffs.  The BSO also was in line to obtain a large sum of money in forfeiture for use in its general operations if the phony charges stuck and the Plaintiffs forfeited millions of dollars.

21.     On Page 35, the probable cause affidavit also claims that from December 23, 2014 to December 23, 2015, Capri paid $3,299,935.11 in unreported payroll for unreported employees.  This was false and Defendants had no basis for claiming that these payments were by Capri for its payroll.  The prosecutor eventually admitted during the criminal proceedings that there was no evidence of any wrongdoing or that any of these payments were for unreported Capri employees.

22.     Detectives Linville and Valdes used the false probable cause affidavits to arrest practically all of the Individual Plaintiffs, cause the Miami-Dade SAO to file false criminal charges against them, and seize practically all of their and Capri's bank accounts, and take all of Capri's computers and business records, severely and negatively impacting the business and business prospects of Plaintiff Capri.  One or more of the BSO Detectives even told an investigator with Capri's workers compensation insurer, Melodie Richardi, that Capri had received a stop work order for workers compensation fraud and such insurer cancelled the workers compensation policy, creating business uncertainty and lost profits for Capri, which lost value in the millions.

23.     Upon information and belief, detectives at the WCFTF used the money obtained through civil asset forfeiture to "fund" their task force (i.e., paychecks, etc.).  The governing documents of the task force do not reveal oversight by an independent third party or other mechanism to prevent the constitutional violations that occurred with respect to practically all of the Individual Defendants.

24.     During the criminal proceedings, it became evident what was known to the Defendants all along, i.e., that the evidence alleged in the probable cause affidavit was phony and used to obtain a "do or die" search warrant in the hopes of landing enough fish on their fishing expedition to "back door" probable cause.  It all amounted to bad faith, unlawful seizure, and deprivation of Plaintiffs' constitutional rights.  Again, the BSO failed to implement proper safeguards to prevent wrongful acts by their detectives using the task force to supplement their income and the BSO's budget for executive compensation and perks, without limitation.

25.     Despite the outrageous and clear violations of Section 1983 and due process, the BSO Detectives even tried pre-arrest to find probable cause for the arrests and warrants by engaging in unethical and sanctionable surveillance tactics of attorney-client meetings using an undercover informant.

26.     The Judge overseeing the criminal proceedings chastised the prosecutor in open court for relying on the detective's false probable cause affidavits in preparing the arrest and search warrant and superseding indictment and not conducting her own probable cause determination and obtaining proof of it prior to the indictment.

27.     The criminal proceedings were terminated in favor of the Plaintiff when the prosecutor had no choice but the drop all charges against the Plaintiffs or face sanctions from the court.

28.     The Plaintiffs were, thus, wrongly arrested, falsely imprisoned, wrongfully deprived of their assets, and criminally charged in what amounted to a "money grab" by the BSO and its detectives.  The BSO used the false affidavit to take the assets of Capri and the Plaintiffs, knowing that there was no lawful basis for taking those assets.  BSO demanded a 10% payment

($250,000) of the assets taken or they would use motions, appeals, and other delay tactics to stall the resolution of the civil forfeiture case until the Plaintiffs went bankrupt.

29.    Given the coercion and likely financial ruin, Plaintiffs had no realistic choice but to agree to pay a portion to Defendant Broward County of the wrongfully taken funds, as the funds were needed to keep the business running and pay bills, including, without limitation, the cancer treatment of Jorge Llauro's wife (who passed away without knowing that the false charges against her husband would be completely disproven).

30.    Plaintiffs had never been arrested before, and being put through this process on false charges caused them a great deal of stress and mental anguish.

31.    Detectives Linville and Valdes and the BSO did not care about the damage they did to innocent lives and a vibrant business so long as they got their civil asset forfeiture money. They were willing to create false probable cause affidavits so that they could force innocent persons and Capri to pay off the BSO or face bankruptcy.   They believed they were above the law.

32.    All conditions precedent to the filing of this action have occurred and/or have been waived, including notice pursuant to Florida Statutes §768.28.  See attached **Composite Exhibit "D".**

## COUNT I – SECTION 1983 CLAIM OF JUAN LLAURO

### (Against Michael Linville)

33.    This is an action by **Juan Llauro against Michael Linville** in excess of $15,000 under 42 U.S.C. §§ 1983 and 1988.

34.    Juan Llauro realleges the allegations in paragraphs 1 through 32, as if fully set forth herein.

35.     The Fourth Amendment requires that arrest warrants be based "upon probable cause, supported by Oath or affirmation".  This Fourth Amendment right is violated when materially false statements and omissions of fact are made in an affidavit supporting an application for an arrest warrant.

36.     The United States Constitution clearly prohibits a police officer from making false statements in an arrest affidavit about the probable cause for an arrest.

37.     Michael Linville knew or should have known in the exercise of due care that the probable cause affidavit was false, misleading, and contained material omissions intended to ensure the presiding judge would be duped into signing a constitutionally deficient arrest warrant for Juan Llauro's arrest.

38.     The affidavits omitted exculpatory evidence in an effort to make the affidavit misleading to the judge and facilitate the false arrest, imprisonment, and extortion of Juan Llauro and the seizure of Plaintiffs' assets.

39.     The false statements and omissions were material to a finding of probable cause.

40.     As a result of Michael Linville's actions, Juan Llauro suffered damages in having to defend against the criminal charges brought as a result of the fraudulent affidavit.  He suffered lost income, lost value of the stock and business of Capri, forfeiture of ten percent of the seized assets, attorney's fees, mental anguish from his arrest, and deprivation of his constitutional rights.

**WHEREFORE**, Juan Llauro demands judgment against Michael Linville for damages, including, without limitation, consequential damages, incidental damages, attorney's fees and costs.

## COUNT II – SECTION 1983 CLAIM OF JUAN LLAURO

### (Against Joel Valdes)

41.     This is an action by Juan Llauro against Joel Valdes in excess of $15,000 under 42 U.S.C. §§ 1983 and 1988.

42.     Juan Llauro realleges the allegations in paragraphs 1 through 32, as if fully set forth herein.

43.     The Fourth Amendment requires that arrest warrants be based "upon probable cause, supported by Oath or affirmation".  This Fourth Amendment right is violated when materially false statements and omissions of fact are made in an affidavit supporting an application for an arrest warrant.

44.     The United States Constitution prohibits a police officer from making false statements in an arrest affidavit about the probable cause for an arrest.

45.     Joel Valdes knew or should have known in the exercise of due care that the probable cause affidavit was false, misleading, and contained material omissions intended to ensure the presiding judge would be duped into signing a constitutionally deficient arrest warrant for Juan Llauro's arrest.

46.     The affidavits omitted exculpatory evidence in an effort to make the affidavit misleading to the judge and facilitate the false arrest, imprisonment, and extortion of Juan Llauro and the seizure of Plaintiffs' assets.

47.     The false statements and omissions were material to a finding of probable cause.

48.     As a result of Joel Valdes' actions, Juan Llauro suffered damages, including, without limitation, attorney's fees and costs incurred in having to defend against the criminal charges brought as a result of the fraudulent probable cause affidavit.  He also suffered lost

income, lost value of the stock and business of Capri, forfeiture of ten percent of the seized assets, attorney's fees, mental anguish from his arrest, and deprivation of his constitutional rights.

**WHEREFORE**, Juan Llauro demands judgment against Joel Valdes for damages, including, without limitation, consequential damages, incidental damages, attorney's fees and costs.

## COUNT III – SECTION 1983 CLAIM JUAN LLAURO

### (Against Broward County)

49.     This is an action by **Juan Llauro against Broward County** in excess of $15,000 under 42 U.S.C. §§ 1983 and 1988.

50.     Juan Llauro realleges the allegations in paragraphs 1 through 32 as if fully set forth herein.

51.     The Fourth Amendment requires that arrest warrants be based "upon probable cause, supported by Oath or affirmation".   This Fourth Amendment right is violated when materially false statements and omissions of fact are made in an affidavit supporting an application for an arrest warrant.

52.     The United States Constitution prohibits a police officer from making false statements in an arrest affidavit about the probable cause for an arrest.

53.     Detectives Michael Linville and Joel Valdes knew or should have known in the exercise of due care that the probable cause affidavit was false, misleading, and contained material omissions intended to ensure the presiding judge would be duped into signing a constitutionally deficient arrest warrant for Juan Llauro's arrest.

54.     The affidavits omitted exculpatory evidence in an effort to make the affidavit misleading to the judge and facilitate the false arrest, imprisonment, and extortion of Juan Llauro and the seizure of Plaintiffs' assets.

55.     The false statements and omissions were material to a finding of probable cause.

56.     At all relevant times, Detectives Linville and Valdes were acting within the course and scope of employment at the BSO, specifically the WCFTF.

57.     Broward County failed to properly supervise its detectives or prevent them from filing false affidavits in order to arrest innocent persons.

58.     In fact, the BSO's failure to implement safeguard policies and procedures effectively caused its detectives to embellish, falsify, and fabricate probable cause and use erroneous affidavits in order to facilitate obtaining funds through civil asset forfeitures.  The BSO acted as if it understood that even if the charges were ultimately dismissed as fraudulent, the BSO would still be able to keep any funds taken from falsely accused citizens.

59.     As a result of the detectives' actions, effectively caused by the policies and procedures of the BSO, Juan Llauro suffered damages in having to defend against the criminal charges brought as a result of the fraudulent affidavit.  He suffered lost income, lost value of the stock and business of Capri, forfeiture of ten percent of the seized assets, attorney's fees, mental anguish from his arrest, and deprivation of his constitutional rights.

**WHEREFORE**, Juan Llauro demands judgment against Broward County for damages, including, without limitation, consequential damages, incidental damages, attorney's fees and costs.

## COUNT IV – FALSE ARREST JUAN LLAURO

### (Against Michael Linville)

60.     This is an action by **Juan Llauro against Michael Linville** in excess of $15,000 for false arrest.

61.     Juan Llauro realleges the allegations in paragraphs 1 through 32 as if fully set forth herein.

62.     Michael Linville knew or should have known in the exercise of due care that the probable cause affidavit was false, misleading, and contained material omissions intended to ensure the presiding judge would be duped into signing a constitutionally deficient arrest warrant for Juan Llauro's arrest.

63.     The false statements and omissions were material to a finding of probable cause.

64.     As a result of Michael Linville's actions, Juan Llauro suffered damages in being arrested as a result of the fraudulent affidavit.  He suffered lost income, lost value of the stock and business of Capri, forfeiture of ten percent of the seized assets, attorney's fees, mental anguish from his arrest, and deprivation of his constitutional rights.

**WHEREFORE**, Juan Llauro demands judgment against Michael Linville for damages, including, without limitation, consequential damages, incidental damages, attorney's fees and costs.

## COUNT V – FALSE ARREST JUAN LLAURO

### (Against Joel Valdes)

65.     This is an action by **Juan Llauro against Joel Valdes** in excess of $15,000 for false arrest.

66.     Juan Llauro realleges the allegations in paragraphs 1 through 32 as if fully set forth herein.

67.     Joel Valdes knew or should have known in the exercise of due care that the probable cause affidavit was false, misleading, and contained material omissions intended to ensure the presiding judge would be duped into signing a constitutionally deficient arrest warrant for Juan Llauro's arrest.

68.     The false statements and omissions were material to a finding of probable cause.

69.     As a result of Joel Valdes' actions, Juan Llauro suffered damages in being arrested as a result of the fraudulent affidavit.  He suffered lost income, lost value of the stock and business of Capri, forfeiture of ten percent of the seized assets, attorney's fees, mental anguish from his arrest, and deprivation of his constitutional rights.

**WHEREFORE**, Juan Llauro demands judgment against Joel Valdes for damages, including, without limitation, consequential damages, incidental damages, attorney's fees and costs.

## COUNT VI – FALSE IMPRISOMENT JUAN LLAURO

### (Against Michael Linville)

70.     This is an action by **Juan Llauro against Michael Linville** in excess of $15,000 for false imprisonment.

71.     Juan Llauro realleges the allegations in paragraphs 1 through 32 as if fully set forth herein.

72.     Michael Linville knew or should have known in the exercise of due care that the probable cause affidavit was false, misleading, and contained material omissions intended to

ensure the presiding judge would be duped into signing a constitutionally deficient arrest warrant for Juan Llauro's arrest.

73.     The false statements and omissions were material to a finding of probable cause.

74.     As a result of Michael Linville's actions, Juan Llauro suffered damages in being imprisoned as a result of the fraudulent affidavit.  He suffered lost income, lost value of the stock and business of Capri, forfeiture of ten percent of the seized assets, attorney's fees, mental anguish from his imprisonment, and deprivation of his constitutional rights, personal liberty, and freedom of movement.

**WHEREFORE**, Juan Llauro demands judgment against Michael Linville for damages, including, without limitation, consequential damages, incidental damages, attorney's fees and costs.

## COUNT VII – FALSE IMPRISONMENT JUAN LLAURO

### (Against Joel Valdes)

75.     This is an action by **Juan Llauro against Joel Valdes** in excess of $15,000 for false imprisonment.

76.     Juan Llauro realleges the allegations in paragraphs 1 through 32 as if fully set forth herein.

77.     Joel Valdes knew or should have known in the exercise of due care that the probable cause affidavit was false, misleading, and contained material omissions intended to ensure the presiding judge would be duped into signing a constitutionally deficient arrest warrant for Juan Llauro's arrest.

78.     The false statements and omissions were material to a finding of probable cause.

79.     As a result of Joel Valdes' actions, Juan Llauro suffered damages in being imprisoned as a result of the fraudulent affidavit.  He suffered lost income, lost value of the stock and business of Capri, forfeiture of ten percent of the seized assets, attorney's fees, mental anguish from his imprisonment, and deprivation of his constitutional rights, personal liberty, and freedom of movement.

**WHEREFORE**, Juan Llauro demands judgment against Joel Valdes for damages, including, without limitation, consequential damages, incidental damages, attorney's fees and costs.

## COUNT VIII – VICARIOUS LIABILITY JUAN LLAURO
### (Against Broward County)

80.     This is an action by **Juan Llauro against Broward** County in excess of $15,000 for vicarious liability for the actions of Michael Linville and Joel Valdes in procuring the false arrest and false imprisonment of Juan Llauro.

81.     Juan Llauro realleges the allegations in paragraphs 1 through 32 as if fully set forth herein.

82.     Juan Llauro assert vicarious liability against Defendant Broward County for all actions undertaken by the Michael Linville and Joel Valdes in procuring the false arrest and false imprisonment of Juan Llauro, who engaged in the described conduct while acting in the course and scope of employment for Broward County or as its agents, and carried out the policies, customs, practices, and procedures of Broward County's sheriff department.

83.     As a result, Juan Llauro suffered damages in being arrested and imprisoned as a result of the fraudulent affidavit.  He suffered lost income, lost value of the stock and business of Capri, forfeiture of ten percent of the seized assets, attorney's fees, mental anguish from his

arrest and imprisonment, and deprivation of his constitutional rights, personal liberty, and freedom of movement.

**WHEREFORE**, Juan Llauro demands judgment against Broward County for damages, including, without limitation, consequential damages, incidental damages, attorney's fees and costs.

## COUNT IX – SECTION 1983 CLAIM JORGE LLAURO

### (Against Michael Linville)

84.     This is an action by **Jorge Llauro against Michael Linville** in excess of $15,000 under 42 U.S.C. §§ 1983 and 1988.

85.     Jorge Llauro realleges the allegations in paragraphs 1 through 32 as if fully set forth herein.

86.     The Fourth Amendment requires that arrest warrants be based "upon probable cause, supported by Oath or affirmation".  This Fourth Amendment right is violated when materially false statements and omissions of fact are made in an affidavit supporting an application for an arrest warrant.

87.     The United States Constitution prohibits a police officer from making false statements in an arrest affidavit about the probable cause for an arrest.

88.     Michael Linville knew or should have known in the exercise of due care that the probable cause affidavit was false, misleading, and contained material omissions intended to ensure the presiding judge would be duped into signing a constitutionally deficient arrest warrant for Jorge Llauro's arrest.

89.     The affidavits omitted exculpatory evidence in an effort to make the affidavit misleading to the judge and facilitate the false arrest, imprisonment, and extortion of Jorge Llauro and the seizure of Plaintiffs' assets.

90.     The false statements and omissions were material to a finding of probable cause.

91.     As a result of Michael Linville's actions, Jorge Llauro suffered damages, including, without limitation, attorney's fees and costs in having to defend against the criminal charges brought as a result of the fraudulent affidavit.  He also suffered lost income, lost value of the stock and business of Capri, forfeiture of ten percent of the seized assets, attorney's fees, mental anguish from his arrest, and deprivation of his constitutional rights.

**WHEREFORE**, Jorge Llauro demands judgment against Michael Linville for damages, including, without limitation, consequential damages, incidental damages, attorney's fees and costs.

## <u>COUNT X – SECTION 1983 CLAIM JORGE LLAURO</u>

### (Against Joel Valdes)

92.     This is an action by **Jorge Llauro against Joel Valdes** in excess of $15,000 under 42 U.S.C. §§ 1983 and 1988.

93.     Jorge Llauro realleges the allegations in paragraphs 1 through 32 as if fully set forth herein.

94.     The Fourth Amendment requires that arrest warrants be based "upon probable cause, supported by Oath or affirmation".  This Fourth Amendment right is violated when materially false statements and omissions of fact are made in an affidavit supporting an application for an arrest warrant.

95.     The United States Constitution prohibits a police officer from making false statements in an arrest affidavit about the probable cause for an arrest.

96.     Joel Valdes knew or should have known in the exercise of due care that the probable cause affidavit was false, misleading, and contained material omissions intended to ensure the presiding judge would be duped into signing a constitutionally deficient arrest warrant for Jorge Llauro's arrest.

97.     The affidavits omitted exculpatory evidence in an effort to make the affidavit misleading to the judge and facilitate the false arrest, imprisonment, and extortion of Jorge Llauro and the seizure of Plaintiffs' assets.

98.     The false statements and omissions were material to a finding of probable cause.

99.     As a result of Joel Valdes' actions, Jorge Llauro suffered damages, including, without limitation, attorney's fees and costs incurred in having to defend against the criminal charges brought as a result of the fraudulent affidavit. He also suffered lost income, lost value of the stock and business of Capri, forfeiture of ten percent of the seized assets, attorney's fees, mental anguish from his arrest, and deprivation of his constitutional rights.

**WHEREFORE**, Jorge Llauro demands judgment against Joel Valdes for damages, including, without limitation, consequential damages, incidental damages, attorney's fees and costs.

## COUNT XI – SECTION 1983 CLAIM JORGE LLAURO

### (Against Broward County)

100.     This is an action by **Jorge Llauro against Broward County** in excess of $15,000 under 42 U.S.C. §§ 1983 and 1988.

101.   Jorge Llauro realleges the allegations in paragraphs 1 through 32 as if fully set forth herein.

102.   The Fourth Amendment requires that arrest warrants be based "upon probable cause, supported by Oath or affirmation".   This Fourth Amendment right is violated when materially false statements and omissions of fact are made in an affidavit supporting an application for an arrest warrant.

103.   The United States Constitution prohibits a police officer from making false statements in an arrest affidavit about the probable cause for an arrest.

104.   Detectives Michael Linville and Joel Valdes knew or should have known in the exercise of due care that the probable cause affidavit was false, misleading, and contained material omissions intended to ensure the presiding judge would be duped into signing a constitutionally deficient arrest warrant for Jorge Llauro's arrest.

105.   The affidavits omitted exculpatory evidence in an effort to make the affidavit misleading to the judge and facilitate the false arrest, imprisonment, and extortion of Jorge Llauro and the seizure of Plaintiffs' assets.

106.   The false statements and omissions were material to a finding of probable cause.

107.   At all relevant times, Detectives Linville and Valdes were acting within the course and scope of employment at the BSO, specifically the WCFTF.

108.   Broward County failed to properly supervise its detectives or prevent them from filing false affidavits in order to arrest innocent persons.

109.   In fact, the BSO's policies and procedures effectively caused its detectives to embellish and fabricate evidence and use erroneous affidavits in order to facilitate obtaining funds through civil asset forfeitures.   The BSO acted as if it understood that even if the charges

were ultimately dismissed as fraudulent, the BSO would still be able to keep any funds taken from falsely accused citizens.

110.    As a result of the detectives' actions, effectively caused by the policies and procedures of the BSO, Jorge Llauro suffered damages in having to defend against the criminal charges brought as a result of the fraudulent affidavit.  He suffered lost income, lost value of the stock and business of Capri, forfeiture of ten percent of the seized assets, attorney's fees, mental anguish from his arrest, and deprivation of his constitutional rights.

**WHEREFORE**, Jorge Llauro demands judgment against Broward County for damages, including, without limitation, consequential damages, incidental damages, attorney's fees and costs.

## COUNT XII – FALSE ARREST JORGE LLAURO

### (Against Michael Linville)

111.    This is an action by Jorge Llauro against Michael Linville in excess of $15,000 for false arrest.

112.    Jorge Llauro realleges the allegations in paragraphs 1 through 32 as if fully set forth herein.

113.    Michael Linville knew or should have known in the exercise of due care that the probable cause affidavit was false, misleading, and contained material omissions intended to ensure the presiding judge would be duped into signing a constitutionally deficient arrest warrant for Jorge Llauro's arrest.

114.    The false statements and omissions were material to a finding of probable cause.

115.    As a result of Michael Linville's actions, Jorge Llauro suffered damages in being arrested as a result of the fraudulent affidavit.  He suffered lost income, lost value of the stock

22

and business of Capri, forfeiture of ten percent of the seized assets, attorney's fees, mental anguish from his arrest, and deprivation of his constitutional rights.

**WHEREFORE**, Jorge Llauro demands judgment against Michael Linville for damages, including, without limitation, consequential damages, incidental damages, attorney's fees and costs.

## COUNT XIII – FALSE ARREST JORGE LLAURO

### (Against Joel Valdes)

116.    This is an action by **Jorge Llauro against Joel Valdes** in excess of $15,000 for false arrest.

117.    Jorge Llauro realleges the allegations in paragraphs 1 through 32 as if fully set forth herein.

118.    Joel Valdes knew or should have known in the exercise of due care that the probable cause affidavit was false, misleading, and contained material omissions intended to ensure the presiding judge would be duped into signing a constitutionally deficient arrest warrant for Jorge Llauro's arrest.

119.    The false statements and omissions were material to a finding of probable cause.

120.    As a result of Joel Valdes' actions, Jorge Llauro suffered damages in being arrested as a result of the fraudulent affidavit.  He suffered lost income, lost value of the stock and business of Capri, forfeiture of ten percent of the seized assets, attorney's fees, mental anguish from his arrest, and deprivation of his constitutional rights.

**WHEREFORE**, Jorge Llauro demands judgment against Joel Valdes for damages, including, without limitation, consequential damages, incidental damages, attorney's fees and costs.

## COUNT XIV – FALSE IMPRISONMENT JORGE LLAURO

### (Against Michael Linville)

121.    This is an action by Jorge Llauro against Michael Linville in excess of $15,000 for false imprisonment.

122.    Jorge Llauro realleges the allegations in paragraphs 1 through 32 as if fully set forth herein.

123.    Michael Linville knew or should have known in the exercise of due care that the probable cause affidavit was false, misleading, and contained material omissions intended to ensure the presiding judge would be duped into signing a constitutionally deficient arrest warrant for Jorge Llauro's arrest.

124.    The false statements and omissions were material to a finding of probable cause.

125.    As a result of Michael Linville's actions, Jorge Llauro suffered damages in being imprisoned as a result of the fraudulent affidavit.  He suffered lost income, lost value of the stock and business of Capri, forfeiture of ten percent of the seized assets, attorney's fees, mental anguish from his imprisonment, and deprivation of his constitutional rights, personal liberty, and freedom of movement.

**WHEREFORE**, Jorge Llauro demands judgment against Michael Linville for damages, including, without limitation, consequential damages, incidental damages, attorney's fees and costs.

## COUNT XV – FALSE IMPRISONMENT JORGE LLAURO

### (Against Joel Valdes)

126.    This is an action by **Jorge Llauro against Joel Valdes** in excess of $15,000 for false imprisonment.

127.    Jorge Llauro realleges the allegations in paragraphs 1 through 32 as if fully set forth herein.

128.    Joel Valdes knew or should have known in the exercise of due care that the probable cause affidavit was false, misleading, and contained material omissions intended to ensure the presiding judge would be duped into signing a constitutionally deficient arrest warrant for Jorge Llauro's arrest.

129.    The false statements and omissions were material to a finding of probable cause.

130.    As a result of Joel Valdes' actions, Jorge Llauro suffered damages in being imprisoned as a result of the fraudulent affidavit.  He suffered lost income, lost value of the stock and business of Capri, forfeiture of ten percent of the seized assets, attorney's fees, mental anguish from his imprisonment, and deprivation of his constitutional rights, personal liberty, and freedom of movement.

**WHEREFORE**, Jorge Llauro demands judgment against Joel Valdes for damages, including, without limitation, consequential damages, incidental damages, attorney's fees and costs.

## COUNT XVI – VICARIOUS LIABILITY JORGE LLAURO

### (Against Broward County)

131.    This is an action by **Jorge Llauro against Broward County** in excess of $15,000 for vicarious liability for the actions of Michael Linville and Joel Valdes in procuring the false arrest and false imprisonment of Jorge Llauro.

132.    Jorge Llauro realleges the allegations in paragraphs 1 through 32 as if fully set forth herein.

133.     Jorge Llauro assert vicarious liability against Defendant Broward County for all actions undertaken by the Michael Linville and Joel Valdes in procuring the false arrest and false imprisonment of Jorge Llauro, who engaged in the described conduct while acting in the course and scope of employment for Broward County or as its agents, and carried out the policies, customs, practices, and procedures of Broward County's sheriff department.

134.     As a result, Jorge Llauro suffered damages in being arrested and imprisoned as a result of the fraudulent affidavit.  He suffered lost income, lost value of the stock and business of Capri, forfeiture of ten percent of the seized assets, attorney's fees, mental anguish from his arrest and imprisonment, and deprivation of his constitutional rights, personal liberty, and freedom of movement.

**WHEREFORE**, Jorge Llauro demands judgment against Broward County for damages, including, without limitation, consequential damages, incidental damages, attorney's fees and costs.

## COUNT XVII – SECTION 1983 CLAIM CARLOS LLAURO

### (Against Michael Linville)

135.     This is an action by **Carlos Llauro against Michael Linville** in excess of $15,000 under 42 U.S.C. §§ 1983 and 1988.

136.     Carlos Llauro realleges the allegations in paragraphs 1 through 32 as if fully set forth herein.

137.     The Fourth Amendment requires that arrest warrants be based "upon probable cause, supported by Oath or affirmation".  This Fourth Amendment right is violated when materially false statements and omissions of fact are made in an affidavit supporting an application for an arrest warrant.

138.    The United States Constitution prohibits a police officer from making false statements in an arrest affidavit about the probable cause for an arrest.

139.    Michael Linville knew or should have known in the exercise of due care that the probable cause affidavit was false, misleading, and contained material omissions intended to ensure the presiding judge would be duped into signing a constitutionally deficient arrest warrant for Carlos Llauro's arrest.

140.    The affidavits omitted exculpatory evidence in an effort to make the affidavit misleading to the judge and facilitate the false arrest, imprisonment, and extortion of Carlos Llauro and the seizure of Plaintiffs' assets.

141.    The false statements and omissions were material to a finding of probable cause.

142.    As a result of Michael Linville's actions, Carlos Llauro suffered damages in having to defend against the criminal charges brought as a result of the fraudulent affidavit.  He suffered lost income, lost value of the stock and business of Capri, forfeiture of ten percent of the seized assets, attorney's fees, mental anguish from his arrest, and deprivation of his constitutional rights.

**WHEREFORE**, Carlos Llauro demands judgment against Michael Linville for damages, including, without limitation, consequential damages, incidental damages, attorney's fees and costs.

## <u>COUNT XVIII – SECTION 1983 CLAIM CARLOS LLAURO</u>

### **(Against Joel Valdes)**

143.    This is an action by **Carlos Llauro against Joel Valdes** in excess of $15,000 under 42 U.S.C. §§ 1983 and 1988.

144.    Carlos Llauro realleges the allegations in paragraphs 1 through 32 as if fully set forth herein.

145.    The Fourth Amendment requires that arrest warrants be based "upon probable cause, supported by Oath or affirmation".   This Fourth Amendment right is violated when materially false statements and omissions of fact are made in an affidavit supporting an application for an arrest warrant.

146.    The United States Constitution prohibits a police officer from making false statements in an arrest affidavit about the probable cause for an arrest.

147.    Joel Valdes knew or should have known in the exercise of due care that the probable cause affidavit was false, misleading, and contained material omissions intended to ensure the presiding judge would be duped into signing a constitutionally deficient arrest warrant for Carlos Llauro's arrest.

148.    The affidavits omitted exculpatory evidence in an effort to make the affidavit misleading to the judge and facilitate the false arrest, imprisonment, and extortion of Carlos Llauro and the seizure of Plaintiffs' assets.

149.    The false statements and omissions were material to a finding of probable cause.

150.    As a result of Joel Valdes' actions, Carlos Llauro suffered damages in having to defend against the criminal charges brought as a result of the fraudulent affidavit.  He suffered lost income, lost value of the stock and business of Capri, forfeiture of ten percent of the seized assets, attorney's fees, mental anguish from his arrest, and deprivation of his constitutional rights.

**WHEREFORE**, Carlos Llauro demands judgment against Joel Valdes for damages, including, without limitation, consequential damages, incidental damages, attorney's fees and

costs.

## COUNT XIX – SECTION 1983 CLAIM CARLOS LLAURO

### (Against Broward County)

151.    This is an action by **Carlos Llauro against Broward County** in excess of $15,000 under 42 U.S.C. §§ 1983 and 1988.

152.    Carlos Llauro realleges the allegations in paragraphs 1 through 32 as if fully set forth herein.

153.    The Fourth Amendment requires that arrest warrants be based "upon probable cause, supported by Oath or affirmation".   This Fourth Amendment right is violated when materially false statements and omissions of fact are made in an affidavit supporting an application for an arrest warrant.

154.    The United States Constitution prohibits a police officer from making false statements in an arrest affidavit about the probable cause for an arrest.

155.    Detectives Michael Linville and Joel Valdes knew or should have known in the exercise of due care that the probable cause affidavit was false, misleading, and contained material omissions intended to ensure the presiding judge would be duped into signing a constitutionally deficient arrest warrant for Carlos Llauro's arrest.

156.    The affidavits omitted exculpatory evidence in an effort to make the affidavit misleading to the judge and facilitate the false arrest, imprisonment, and extortion of Carlos Llauro and the seizure of Plaintiffs' assets.

157.    The false statements and omissions were material to a finding of probable cause.

158.    At all relevant times, Detectives Linville and Valdes were acting within the course and scope of employment at the BSO, specifically the WCFTF.

159.    Broward County failed to properly supervise its detectives or prevent them from filing false affidavits in order to arrest innocent persons.

160.    In fact, the BSO's policies and procedures effectively caused its detectives to embellish and fabricate evidence and use erroneous affidavits in order to facilitate obtaining funds through civil asset forfeitures.  The BSO acted as if it understood that even if the charges were ultimately dismissed as fraudulent, the BSO would still be able to keep any funds taken from falsely accused citizens.

161.    As a result of the detectives' actions, effectively caused by the policies and procedures of the BSO, Carlos Llauro suffered damages in having to defend against the criminal charges brought as a result of the fraudulent affidavit.  He suffered lost income, lost value of the stock and business of Capri, forfeiture of ten percent of the seized assets, attorney's fees, mental anguish from his arrest, and deprivation of his constitutional rights.

**WHEREFORE**, Carlos Llauro demands judgment against Broward County for damages, including, without limitation, consequential damages, incidental damages, attorney's fees and costs.

## <u>COUNT XX – FALSE ARREST CARLOS LLAURO</u>

### (Against Michael Linville)

162.    This is an action by **Carlos Llauro against Michael Linville** in excess of $15,000 for false arrest.

163.    Carlos Llauro realleges the allegations in paragraphs 1 through 32 as if fully set forth herein.

164.    Michael Linville knew or should have known in the exercise of due care that the probable cause affidavit was false, misleading, and contained material omissions intended to

ensure the presiding judge would be duped into signing a constitutionally deficient arrest warrant for Carlos Llauro's arrest.

165.    The false statements and omissions were material to a finding of probable cause.

166.    As a result of Michael Linville's actions, Carlos Llauro suffered damages in being arrested as a result of the fraudulent affidavit.  He suffered lost income, lost value of the stock and business of Capri, forfeiture of ten percent of the seized assets, attorney's fees, mental anguish from his arrest, and deprivation of his constitutional rights.

**WHEREFORE**, Carlos Llauro demands judgment against Michael Linville for damages, including, without limitation, consequential damages, incidental damages, attorney's fees and costs.

## COUNT XXI – FALSE ARREST CARLOS LLAURO

### (Against Joel Valdes)

167.    This is an action by **Carlos Llauro against Joel Valdes** in excess of $15,000 for false arrest.

168.    Carlos Llauro realleges the allegations in paragraphs 1 through 32 as if fully set forth herein.

169.    Joel Valdes knew or should have known in the exercise of due care that the probable cause affidavit was false, misleading, and contained material omissions intended to ensure the presiding judge would be duped into signing a constitutionally deficient arrest warrant for Carlos Llauro's arrest.

170.    The false statements and omissions were material to a finding of probable cause.

171.    As a result of Joel Valdes' actions, Carlos Llauro suffered damages in being arrested as a result of the fraudulent affidavit.  He suffered lost income, lost value of the stock

and business of Capri, forfeiture of ten percent of the seized assets, attorney's fees, mental anguish from his arrest, and deprivation of his constitutional rights.

**WHEREFORE**, Carlos Llauro demands judgment against Joel Valdes for damages, including, without limitation, consequential damages, incidental damages, attorney's fees and costs.

## COUNT XXII – FALSE IMPRISONMENT CARLOS LLAURO

### (Against Michael Linville)

172.   This is an action by **Carlos Llauro against Michael Linville** in excess of $15,000 for false imprisonment.

173.   Carlos Llauro realleges the allegations in paragraphs 1 through 32 as if fully set forth herein.

174.   Michael Linville knew or should have known in the exercise of due care that the probable cause affidavit was false, misleading, and contained material omissions intended to ensure the presiding judge would be duped into signing a constitutionally deficient arrest warrant for Carlos Llauro's arrest.

175.   The false statements and omissions were material to a finding of probable cause.

176.   As a result of Michael Linville's actions, Carlos Llauro suffered damages in being imprisoned as a result of the fraudulent affidavit.  He suffered lost income, lost value of the stock and business of Capri, forfeiture of ten percent of the seized assets, attorney's fees, mental anguish from his imprisonment, and deprivation of his constitutional rights, personal liberty, and freedom of movement.

**WHEREFORE**, Carlos Llauro demands judgment against Michael Linville for damages, including, without limitation, consequential damages, incidental damages, attorney's fees and

costs.

## COUNT XXIII – FALSE IMPRISONMENT CARLOS LLAURO

### (Against Joel Valdes)

177.    This is an action by **Carlos Llauro against Joel Valdes** in excess of $15,000 for false imprisonment.

178.    Carlos Llauro realleges the allegations in paragraphs 1 through 32 as if fully set forth herein.

179.    Joel Valdes knew or should have known in the exercise of due care that the probable cause affidavit was false, misleading, and contained material omissions intended to ensure the presiding judge would be duped into signing a constitutionally deficient arrest warrant for Carlos Llauro's arrest.

180.    The false statements and omissions were material to a finding of probable cause.

181.    As a result of Joel Valdes' actions, Carlos Llauro suffered damages in being imprisoned as a result of the fraudulent affidavit.  He suffered lost income, lost value of the stock and business of Capri, forfeiture of ten percent of the seized assets, attorney's fees, mental anguish from his imprisonment, and deprivation of his constitutional rights, personal liberty, and freedom of movement.

**WHEREFORE**, Carlos Llauro demands judgment against Joel Valdes for damages, including, without limitation, consequential damages, incidental damages, attorney's fees and costs.

## COUNT XXIV – VICARIOUS LIABILITY CARLOS LLAURO

### (Against Broward County)

182.    This is an action by **Carlos Llauro against Broward County** in excess of $15,000 for vicarious liability for the actions of Michael Linville and Joel Valdes in procuring the false arrest and false imprisonment of Carlos Llauro.

183.    Carlos Llauro realleges the allegations in paragraphs 1 through 32 as if fully set forth herein.

184.    Carlos Llauro assert vicarious liability against Defendant Broward County for all actions undertaken by the Michael Linville and Joel Valdes in procuring the false arrest and false imprisonment of Carlos Llauro, who engaged in the described conduct while acting in the course and scope of employment for Broward County or as its agents, and carried out the policies, customs, practices, and procedures of Broward County's sheriff department.

185.    As a result, Carlos Llauro suffered damages in being arrested and imprisoned as a result of the fraudulent affidavit.  He suffered lost income, lost value of the stock and business of Capri, forfeiture of ten percent of the seized assets, attorney's fees, mental anguish from his arrest and imprisonment, and deprivation of his constitutional rights, personal liberty, and freedom of movement.

**WHEREFORE**, Carlos Llauro demands judgment against Broward County for damages, including, without limitation, consequential damages, incidental damages, attorney's fees and costs.

## COUNT XXV – SECTION 1983 CLAIM SAMUEL ABAD

### (Against Michael Linville)

186.     This is an action by **Samuel Abad against Michael Linville** in excess of $15,000 under 42 U.S.C. §§ 1983 and 1988.

187.     Samuel Abad realleges the allegations in paragraphs 1 through 32 as if fully set forth herein.

188.     The Fourth Amendment requires that arrest warrants be based "upon probable cause, supported by Oath or affirmation".   This Fourth Amendment right is violated when materially false statements and omissions of fact are made in an affidavit supporting an application for an arrest warrant.

189.     The United States Constitution prohibits a police officer from making false statements in an arrest affidavit about the probable cause for an arrest.

190.     Michael Linville knew or should have known in the exercise of due care that the probable cause affidavit was false, misleading, and contained material omissions intended to ensure the presiding judge would be duped into signing a constitutionally deficient arrest warrant for Samuel Abad's arrest.

191.     The affidavits omitted exculpatory evidence in an effort to make the affidavit misleading to the judge and facilitate the false arrest, imprisonment, and extortion of Samuel Abad and the seizure of Plaintiffs' assets.

192.     The false statements and omissions were material to a finding of probable cause.

193.     As a result of Michael Linville's actions, Samuel Abad suffered damages in having to defend against the criminal charges brought as a result of the fraudulent affidavit.  He

suffered lost income, attorney's fees, mental anguish from his arrest, and deprivation of his constitutional rights.

WHEREFORE, Samuel Abad demands judgment against Michael Linville for damages, including, without limitation, consequential damages, incidental damages, attorney's fees and costs.

## COUNT XXVI – SECTION 1983 CLAIM SAMUEL ABAD

### (Against Joel Valdes)

194.    This is an action by Samuel Abad against Joel Valdes in excess of $15,000 under 42 U.S.C. §§ 1983 and 1988.

195.    Samuel Abad realleges the allegations in paragraphs 1 through 32 as if fully set forth herein.

196.    The Fourth Amendment requires that arrest warrants be based "upon probable cause, supported by Oath or affirmation".  This Fourth Amendment right is violated when materially false statements and omissions of fact are made in an affidavit supporting an application for an arrest warrant.

197.    The United States Constitution prohibits a police officer from making false statements in an arrest affidavit about the probable cause for an arrest.

198.    Joel Valdes knew or should have known in the exercise of due care that the probable cause affidavit was false, misleading, and contained material omissions intended to ensure the presiding judge would be duped into signing a constitutionally deficient arrest warrant for Samuel Abad's arrest.

199.    The affidavits omitted exculpatory evidence in an effort to make the affidavit misleading to the judge and facilitate the false arrest, imprisonment, and extortion of Samuel Abad and the seizure of Plaintiffs' assets.

200.    The false statements and omissions were material to a finding of probable cause.

201.    As a result of Joel Valdes' actions, Samuel Abad suffered damages in having to defend against the criminal charges brought as a result of the fraudulent affidavit.  He suffered lost income, attorney's fees, mental anguish from his arrest, and deprivation of his constitutional rights.

**WHEREFORE**, Samuel Abad demands judgment against Joel Valdes for damages, including, without limitation, consequential damages, incidental damages, attorney's fees and costs.

## COUNT XXVII – SECTION 1983 CLAIM SAMUEL ABAD

### (Against Broward County)

202.    This is an action by **Samuel Abad against Broward County** in excess of $15,000 under 42 U.S.C. §§ 1983 and 1988.

203.    Samuel Abad realleges the allegations in paragraphs 1 through 32 as if fully set forth herein.

204.    The Fourth Amendment requires that arrest warrants be based "upon probable cause, supported by Oath or affirmation".  This Fourth Amendment right is violated when materially false statements and omissions of fact are made in an affidavit supporting an application for an arrest warrant.

205.    The United States Constitution prohibits a police officer from making false statements in an arrest affidavit about the probable cause for an arrest.

206.     Detectives Michael Linville and Joel Valdes knew or should have known in the exercise of due care that the probable cause affidavit was false, misleading, and contained material omissions intended to ensure the presiding judge would be duped into signing a constitutionally deficient arrest warrant for Samuel Abad's arrest.

207.     The affidavits omitted exculpatory evidence in an effort to make the affidavit misleading to the judge and facilitate the false arrest, imprisonment, and extortion of Samuel Abad and the seizure of Plaintiffs' assets.

208.     The false statements and omissions were material to a finding of probable cause.

209.     At all relevant times, Detectives Linville and Valdes were acting within the course and scope of employment at the BSO, specifically the WCFTF.

210.     Broward County failed to properly supervise its detectives or prevent them from filing false affidavits in order to arrest innocent persons.

211.     In fact, the BSO's policies and procedures effectively caused its detectives to embellish and fabricate evidence and use erroneous affidavits in order to facilitate obtaining funds through civil asset forfeitures.  The BSO acted as if it understood that even if the charges were ultimately dismissed as fraudulent, the BSO would still be able to keep any funds taken from falsely accused citizens.

212.     As a result of the detectives' actions, effectively caused by the policies and procedures of the BSO, Samuel Abad suffered damages in having to defend against the criminal charges brought as a result of the fraudulent affidavit.  He suffered lost income, attorney's fees, mental anguish from his arrest, and deprivation of his constitutional rights.

**WHEREFORE**, Samuel Abad demands judgment against Broward County for damages, including, without limitation, consequential damages, incidental damages, attorney's fees and

costs.

## COUNT XXVIII – FALSE ARREST SAMUEL ABAD

### (Against Michael Linville)

213.    This is an action by **Samuel Abad against Michael Linville** in excess of $15,000 for false arrest.

214.    Samuel Abad realleges the allegations in paragraphs 1 through 32 as if fully set forth herein.

215.    Michael Linville knew or should have known in the exercise of due care that the probable cause affidavit was false, misleading, and contained material omissions intended to ensure the presiding judge would be duped into signing a constitutionally deficient arrest warrant for Samuel Abad's arrest.

216.    The false statements and omissions were material to a finding of probable cause.

217.    As a result of Michael Linville's actions, Samuel Abad suffered damages in being arrested as a result of the fraudulent affidavit.  He suffered lost income, attorney's fees, mental anguish from his arrest, and deprivation of his constitutional rights.

**WHEREFORE**, Samuel Abad demands judgment against Michael Linville for damages, including, without limitation, consequential damages, incidental damages, attorney's fees and costs.

## COUNT XXIX – FALSE ARREST SAMUEL ABAD

### (Against Joel Valdes)

218.    This is an action by **Samuel Abad against Joel Valdes** in excess of $15,000 for false arrest.

39

219.    Samuel Abad realleges the allegations in paragraphs 1 through 32 as if fully set forth herein.

220.    Joel Valdes knew or should have known in the exercise of due care that the probable cause affidavit was false, misleading, and contained material omissions intended to ensure the presiding judge would be duped into signing a constitutionally deficient arrest warrant for Samuel Abad's arrest.

221.    The false statements and omissions were material to a finding of probable cause.

222.    As a result of Joel Valdes' actions, Samuel Abad suffered damages in being arrested as a result of the fraudulent affidavit.  He suffered lost income, attorney's fees, mental anguish from his arrest, and deprivation of his constitutional rights.

**WHEREFORE**, Samuel Abad demands judgment against Joel Valdes for damages, including, without limitation, consequential damages, incidental damages, attorney's fees and costs.

## COUNT XXX – FALSE IMPRISONMENT SAMUEL ABAD

### (Against Michael Linville)

223.    This is an action by **Samuel Abad against Michael Linville** in excess of $15,000 for false imprisonment.

224.    Samuel Abad realleges the allegations in paragraphs 1 through 32 as if fully set forth herein.

225.    Michael Linville knew or should have known in the exercise of due care that the probable cause affidavit was false, misleading, and contained material omissions intended to ensure the presiding judge would be duped into signing a constitutionally deficient arrest warrant for Samuel Abad's arrest.

226.   The false statements and omissions were material to a finding of probable cause.

227.   As a result of Michael Linville's actions, Samuel Abad suffered damages in being imprisoned as a result of the fraudulent affidavit.  He suffered lost income, attorney's fees, mental anguish from his imprisonment, and deprivation of his constitutional rights, personal liberty, and freedom of movement.

**WHEREFORE**, Samuel Abad demands judgment against Michael Linville for damages, including, without limitation, consequential damages, incidental damages, attorney's fees and costs.

## COUNT XXXI – FALSE IMPRISONMENT SAMUEL ABAD

### (Against Joel Valdes)

228.   This is an action by **Samuel Abad against Joel Valdes** in excess of $15,000 for false imprisonment.

229.   Samuel Abad realleges the allegations in paragraphs 1 through 32 as if fully set forth herein.

230.   Joel Valdes knew or should have known in the exercise of due care that the probable cause affidavit was false, misleading, and contained material omissions intended to ensure the presiding judge would be duped into signing a constitutionally deficient arrest warrant for Samuel Abad's arrest.

231.   The false statements and omissions were material to a finding of probable cause.

232.   As a result of Joel Valdes' actions, Samuel Abad suffered damages in being imprisoned as a result of the fraudulent affidavit.  He suffered lost income, attorney's fees, mental anguish from his imprisonment, and deprivation of his constitutional rights, personal liberty, and freedom of movement.

**WHEREFORE**, Samuel Abad demands judgment against Joel Valdes for damages, including, without limitation, consequential damages, incidental damages, attorney's fees and costs.

**COUNT XXXII – VICARIOUS LIABILITY SAMUEL ABAD**
**(Against Broward County)**

233.    This is an action by Samuel Abad against Broward County in excess of $15,000 for vicarious liability for the actions of Michael Linville and Joel Valdes in procuring the false arrest and false imprisonment of Samuel Abad.

234.    Samuel Abad realleges the allegations in paragraphs 1 through 32 as if fully set forth herein.

235.    Samuel Abad asserts vicarious liability against Defendant Broward County for all actions undertaken by the Michael Linville and Joel Valdes in procuring the false arrest and false imprisonment of Samuel Abad, who engaged in the described conduct while acting in the course and scope of employment for Broward County or as its agents, and carried out the policies, customs, practices, and procedures of Broward County's sheriff department.

236.    As a result, Samuel Abad suffered damages in being arrested and imprisoned as a result of the fraudulent affidavit.  He suffered lost income, attorney's fees, mental anguish from his arrest and imprisonment, and deprivation of his constitutional rights, personal liberty, and freedom of movement.

**WHEREFORE**, Samuel Abad demands judgment against Broward County for damages, including, without limitation, consequential damages, incidental damages, attorney's fees and costs.

## COUNT XXXIII – SECTION 1983 CLAIM JOEL BRITO

### (Against Michael Linville)

237.    This is an action by **Joel Brito against Michael Linville** in excess of $15,000 under 42 U.S.C. §§ 1983 and 1988.

238.    Joel Brito realleges the allegations in paragraphs 1 through 32 as if fully set forth herein.

239.    The Fourth Amendment requires that arrest warrants be based "upon probable cause, supported by Oath or affirmation".  This Fourth Amendment right is violated when materially false statements and omissions of fact are made in an affidavit supporting an application for an arrest warrant.

240.    The United States Constitution prohibits a police officer from making false statements in an arrest affidavit about the probable cause for an arrest.

241.    Michael Linville knew or should have known in the exercise of due care that the probable cause affidavit was false, misleading, and contained material omissions intended to ensure the presiding judge would be duped into signing a constitutionally deficient arrest warrant for Joel Brito's arrest.

242.    The affidavits omitted exculpatory evidence in an effort to make the affidavit misleading to the judge and facilitate the false arrest, imprisonment, and extortion of Joel Brito and the seizure of Plaintiffs' assets.

243.    The false statements and omissions were material to a finding of probable cause.

244.    As a result of Michael Linville's actions, Joel Brito suffered damages in having to defend against the criminal charges brought as a result of the fraudulent affidavit.  He suffered

lost income, attorney's fees, mental anguish from his arrest, and deprivation of his constitutional rights.

**WHEREFORE**, Joel Brito demands judgment against Michael Linville for damages, including, without limitation, consequential damages, incidental damages, attorney's fees and costs.

<u>**COUNT XXXIV – SECTION 1983 CLAIM JOEL BRITO**</u>

**(Against Joel Valdes)**

245.    This is an action by **Joel Brito against Joel Valdes** in excess of $15,000 under 42 U.S.C. §§ 1983 and 1988.

246.    Joel Brito realleges the allegations in paragraphs 1 through 32 as if fully set forth herein.

247.    The Fourth Amendment requires that arrest warrants be based "upon probable cause, supported by Oath or affirmation".  This Fourth Amendment right is violated when materially false statements and omissions of fact are made in an affidavit supporting an application for an arrest warrant.

248.    The United States Constitution prohibits a police officer from making false statements in an arrest affidavit about the probable cause for an arrest.

249.    Joel Valdes knew or should have known in the exercise of due care that the probable cause affidavit was false, misleading, and contained material omissions intended to ensure the presiding judge would be duped into signing a constitutionally deficient arrest warrant for Joel Brito's arrest.

44

250.    The affidavits omitted exculpatory evidence in an effort to make the affidavit misleading to the judge and facilitate the false arrest, imprisonment, and extortion of Joel Brito and the seizure of Plaintiffs' assets.

251.    The false statements and omissions were material to a finding of probable cause.

252.    As a result of Joel Valdes' actions, Joel Brito suffered damages in having to defend against the criminal charges brought as a result of the fraudulent affidavit.  He suffered lost income, attorney's fees, mental anguish from his arrest, and deprivation of his constitutional rights.

**WHEREFORE**, Joel Brito demands judgment against Joel Valdes for damages, including, without limitation, consequential damages, incidental damages, attorney's fees and costs.

## COUNT XXXV – SECTION 1983 CLAIM JOEL BRITO

### (Against Broward County)

253.    This is an action by **Joel Brito against Broward County** in excess of $15,000 under 42 U.S.C. §§ 1983 and 1988.

254.    Joel Brito realleges the allegations in paragraphs 1 through 32 as if fully set forth herein.

255.    The Fourth Amendment requires that arrest warrants be based "upon probable cause, supported by Oath or affirmation".  This Fourth Amendment right is violated when materially false statements and omissions of fact are made in an affidavit supporting an application for an arrest warrant.

256.    The United States Constitution prohibits a police officer from making false statements in an arrest affidavit about the probable cause for an arrest.

257.     Detectives Michael Linville and Joel Valdes knew or should have known in the exercise of due care that the probable cause affidavit was false, misleading, and contained material omissions intended to ensure the presiding judge would be duped into signing a constitutionally deficient arrest warrant for Joel Brito's arrest.

258.     The affidavits omitted exculpatory evidence in an effort to make the affidavit misleading to the judge and facilitate the false arrest, imprisonment, and extortion of Joel Brito and the seizure of Plaintiffs' assets.

259.     The false statements and omissions were material to a finding of probable cause.

260.     At all relevant times, Detectives Linville and Valdes were acting within the course and scope of employment at the BSO, specifically the WCFTF.

261.     Broward County failed to properly supervise its detectives or prevent them from filing false affidavits in order to arrest innocent persons.

262.     In fact, the BSO's policies and procedures effectively caused its detectives to embellish and fabricate evidence and use erroneous affidavits in order to facilitate obtaining funds through civil asset forfeitures.  The BSO acted as if it understood that even if the charges were ultimately dismissed as fraudulent, the BSO would still be able to keep any funds taken from falsely accused citizens.

263.     As a result of the detectives' actions, effectively caused by the policies and procedures of the BSO, Joel Brito suffered damages in having to defend against the criminal charges brought as a result of the fraudulent affidavit.  He suffered lost income, attorney's fees, mental anguish from his arrest, and deprivation of his constitutional rights.

     **WHEREFORE**, Joel Brito demands judgment against Broward County for damages, including, without limitation, consequential damages, incidental damages, attorney's fees and

costs.

## COUNT XXXVI – FALSE ARREST JOEL BRITO

### (Against Michael Linville)

264.    This is an action by **Joel Brito against Michael Linville** in excess of $15,000 for false arrest.

265.    Joel Brito realleges the allegations in paragraphs 1 through 32 as if fully set forth herein.

266.    Michael Linville knew or should have known in the exercise of due care that the probable cause affidavit was false, misleading, and contained material omissions intended to ensure the presiding judge would be duped into signing a constitutionally deficient arrest warrant for Joel Brito's arrest.

267.    The false statements and omissions were material to a finding of probable cause.

268.    As a result of Michael Linville's actions, Joel Brito suffered damages in being arrested as a result of the fraudulent affidavit.  He suffered lost income, attorney's fees, mental anguish from his arrest, and deprivation of his constitutional rights.

**WHEREFORE**, Joel Brito demands judgment against Michael Linville for damages, including, without limitation, consequential damages, incidental damages, attorney's fees and costs.

## COUNT XXXVII – FALSE ARREST JOEL BRITO

### (Against Joel Valdes)

269.    This is an action by **Joel Brito against Joel Valdes** in excess of $15,000 for false arrest.

270.    Joel Brito realleges the allegations in paragraphs 1 through 32 as if fully set forth herein.

271.    Joel Valdes knew or should have known in the exercise of due care that the probable cause affidavit was false, misleading, and contained material omissions intended to ensure the presiding judge would be duped into signing a constitutionally deficient arrest warrant for Joel Brito's arrest.

272.    The false statements and omissions were material to a finding of probable cause.

273.    As a result of Joel Valdes' actions, Joel Brito suffered damages in being arrested as a result of the fraudulent affidavit.  He suffered lost income, attorney's fees, mental anguish from his arrest, and deprivation of his constitutional rights.

**WHEREFORE**, Joel Brito demands judgment against Joel Valdes for damages, including, without limitation, consequential damages, incidental damages, attorney's fees and costs.

## COUNT XXXVIII – FALSE IMPRISONMENT JOEL BRITO

### (Against Michael Linville)

274.    This is an action by **Joel Brito against Michael Linville** in excess of $15,000 for false imprisonment.

275.    Joel Brito realleges the allegations in paragraphs 1 through 32 as if fully set forth herein.

276.    Michael Linville knew or should have known in the exercise of due care that the probable cause affidavit was false, misleading, and contained material omissions intended to ensure the presiding judge would be duped into signing a constitutionally deficient arrest warrant for Joel Brito's arrest.

277.     The false statements and omissions were material to a finding of probable cause.

278.     As a result of Michael Linville's actions, Joel Brito suffered damages in being imprisoned as a result of the fraudulent affidavit.  He suffered lost income, attorney's fees, mental anguish from his imprisonment, and deprivation of his constitutional rights, personal liberty, and freedom of movement.

**WHEREFORE**, Joel Brito demands judgment against Michael Linville for damages, including, without limitation, consequential damages, incidental damages, attorney's fees and costs.

<u>**COUNT XXXIX – FALSE IMPRISONMENT JOEL BRITO**</u>

**(Against Joel Valdes)**

279.     This is an action by **Joel Brito against Joel Valdes** in excess of $15,000 for false imprisonment.

280.     Joel Brito realleges the allegations in paragraphs 1 through 32 as if fully set forth herein.

281.     Joel Valdes knew or should have known in the exercise of due care that the probable cause affidavit was false, misleading, and contained material omissions intended to ensure the presiding judge would be duped into signing a constitutionally deficient arrest warrant for Joel Brito's arrest.

282.     The false statements and omissions were material to a finding of probable cause.

283.     As a result of Joel Valdes' actions, Joel Brito suffered damages in being imprisoned as a result of the fraudulent affidavit.  He suffered lost income, attorney's fees, mental anguish from his imprisonment, and deprivation of his constitutional rights, personal liberty, and freedom of movement.

**WHEREFORE**, Joel Brito demands judgment against Joel Valdes for damages, including, without limitation, consequential damages, incidental damages, attorney's fees and costs.

## COUNT XL – VICARIOUS LIABILITY JOEL BRITO

### (Against Broward County)

284.    This is an action by **Joel Brito against Broward County** in excess of $15,000 for vicarious liability for the actions of Michael Linville and Joel Valdes in procuring the false arrest and false imprisonment of Joel Brito.

285.    Joel Brito realleges the allegations in paragraphs 1 through 32 as if fully set forth herein.

286.    Joel Brito asserts vicarious liability against Defendant Broward County for all actions undertaken by the Michael Linville and Joel Valdes in procuring the false arrest and false imprisonment of Joel Brito, who engaged in the described conduct while acting in the course and scope of employment for Broward County or as its agents, and carried out the policies, customs, practices, and procedures of Broward County's sheriff department.

287.    As a result, Joel Brito suffered damages in being arrested and imprisoned as a result of the fraudulent affidavit.  He suffered lost income, attorney's fees, mental anguish from his arrest and imprisonment, and deprivation of his constitutional rights, personal liberty, and freedom of movement.

**WHEREFORE**, Joel Brito demands judgment against Broward County for damages, including, without limitation, consequential damages, incidental damages, attorney's fees and costs.

## <u>COUNT XLI – SECTION 1983 CLAIM MARIA MARTINEZ</u>

### (Against Michael Linville)

288.    This is an action by **Maria Martinez against Michael Linville** in excess of $15,000 under 42 U.S.C. §§ 1983 and 1988.

289.    Maria Martinez realleges the allegations in paragraphs 1 through 32 as if fully set forth herein.

290.    The Fourth Amendment requires that arrest warrants be based "upon probable cause, supported by Oath or affirmation".   This Fourth Amendment right is violated when materially false statements and omissions of fact are made in an affidavit supporting an application for an arrest warrant.

291.    The United States Constitution prohibits a police officer from making false statements in an arrest affidavit about the probable cause for an arrest.

292.    Michael Linville knew or should have known in the exercise of due care that the probable cause affidavit was false, misleading, and contained material omissions intended to ensure the presiding judge would be duped into signing a constitutionally deficient arrest warrant for Maria Martinez's arrest.

293.    The affidavits omitted exculpatory evidence in an effort to make the affidavit misleading to the judge and facilitate the false arrest, imprisonment, and extortion of Maria Martinez and the seizure of Plaintiffs' assets.

294.    The false statements and omissions were material to a finding of probable cause.

295.    As a result of Michael Linville's actions, Maria Martinez suffered damages in having to defend against the criminal charges brought as a result of the fraudulent affidavit.  She

suffered lost income, attorney's fees, mental anguish from her arrest, and deprivation of her constitutional rights.

**WHEREFORE**, Maria Martinez demands judgment against Michael Linville for damages, including, without limitation, consequential damages, incidental damages, attorney's fees and costs.

## COUNT XLII – SECTION 1983 CLAIM MARIA MARTINEZ

### (Against Joel Valdes)

296.    This is an action by **Maria Martinez against Joel Valdes** in excess of $15,000 under 42 U.S.C. §§ 1983 and 1988.

297.    Maria Martinez realleges the allegations in paragraphs 1 through 32 as if fully set forth herein.

298.    The Fourth Amendment requires that arrest warrants be based "upon probable cause, supported by Oath or affirmation". This Fourth Amendment right is violated when materially false statements and omissions of fact are made in an affidavit supporting an application for an arrest warrant.

299.    The United States Constitution prohibits a police officer from making false statements in an arrest affidavit about the probable cause for an arrest.

300.    Joel Valdes knew or should have known in the exercise of due care that the probable cause affidavit was false, misleading, and contained material omissions intended to ensure the presiding judge would be duped into signing a constitutionally deficient arrest warrant for Maria Martinez's arrest.

301.   The affidavits omitted exculpatory evidence in an effort to make the affidavit misleading to the judge and facilitate the false arrest, imprisonment, and extortion of Maria Martinez and the seizure of Plaintiffs' assets.

302.   The false statements and omissions were material to a finding of probable cause.

303.   As a result of Joel Valdes' actions, Maria Martinez suffered damages in having to defend against the criminal charges brought as a result of the fraudulent affidavit.  She suffered lost income, attorney's fees, mental anguish from her arrest, and deprivation of her constitutional rights.

**WHEREFORE**, Maria Martinez demands judgment against Joel Valdes for damages, including, without limitation, consequential damages, incidental damages, attorney's fees and costs.

## <u>COUNT XLIII – SECTION 1983 CLAIM MARIA MARTINEZ</u>

### (Against Broward County)

304.   This is an action by **Maria Martinez against Broward County** in excess of $15,000 under 42 U.S.C. §§ 1983 and 1988.

305.   Maria Martinez realleges the allegations in paragraphs 1 through 32 as if fully set forth herein.

306.   The Fourth Amendment requires that arrest warrants be based "upon probable cause, supported by Oath or affirmation".  This Fourth Amendment right is violated when materially false statements and omissions of fact are made in an affidavit supporting an application for an arrest warrant.

307.   The United States Constitution prohibits a police officer from making false statements in an arrest affidavit about the probable cause for an arrest.

308.   Detectives Michael Linville and Joel Valdes knew or should have known in the exercise of due care that the probable cause affidavit was false, misleading, and contained material omissions intended to ensure the presiding judge would be duped into signing a constitutionally deficient arrest warrant for Maria Martinez's arrest.

309.   The affidavits omitted exculpatory evidence in an effort to make the affidavit misleading to the judge and facilitate the false arrest, imprisonment, and extortion of Maria Martinez and the seizure of Plaintiffs' assets.

310.   The false statements and omissions were material to a finding of probable cause.

311.   At all relevant times, Detectives Linville and Valdes were acting within the course and scope of employment at the BSO, specifically the WCFTF.

312.   Broward County failed to properly supervise its detectives or prevent them from filing false affidavits in order to arrest innocent persons.

313.   In fact, the BSO's policies and procedures effectively caused its detectives to embellish and fabricate evidence and use erroneous affidavits in order to facilitate obtaining funds through civil asset forfeitures.  The BSO acted as if it understood that even if the charges were ultimately dismissed as fraudulent, the BSO would still be able to keep any funds taken from falsely accused citizens.

314.   As a result of the detectives' actions, effectively caused by the policies and procedures of the BSO, Maria Martinez suffered damages in having to defend against the criminal charges brought as a result of the fraudulent affidavit.  She suffered lost income, attorney's fees, mental anguish from her arrest, and deprivation of her constitutional rights.

**WHEREFORE**, Maria Martinez demands judgment against Broward County for damages, including, without limitation, consequential damages, incidental damages, attorney's

fees and costs.

## COUNT XLIV – FALSE ARREST MARIA MARTINEZ

### (Against Michael Linville)

315. This is an action by **Maria Martinez against Michael Linville** in excess of $15,000 for false arrest.

316. Maria Martinez realleges the allegations in paragraphs 1 through 32 as if fully set forth herein.

317. Michael Linville knew or should have known in the exercise of due care that the probable cause affidavit was false, misleading, and contained material omissions intended to ensure the presiding judge would be duped into signing a constitutionally deficient arrest warrant for Maria Martinez's arrest.

318. The false statements and omissions were material to a finding of probable cause.

319. As a result of Michael Linville's actions, Maria Martinez suffered damages in being arrested as a result of the fraudulent affidavit. She suffered lost income, attorney's fees, mental anguish from her arrest, and deprivation of her constitutional rights.

**WHEREFORE**, Maria Martinez demands judgment against Michael Linville for damages, including, without limitation, consequential damages, incidental damages, attorney's fees and costs.

## COUNT XLV – FALSE ARREST MARIA MARTINEZ

### (Against Joel Valdes)

320. This is an action by Maria Martinez against Joel Valdes in excess of $15,000 for false arrest.

321.     Maria Martinez realleges the allegations in paragraphs 1 through 32 as if fully set forth herein.

322.     Joel Valdes knew or should have known in the exercise of due care that the probable cause affidavit was false, misleading, and contained material omissions intended to ensure the presiding judge would be duped into signing a constitutionally deficient arrest warrant for Maria Martinez's arrest.

323.     The false statements and omissions were material to a finding of probable cause.

324.     As a result of Joel Valdes' actions, Maria Martinez suffered damages in being arrested as a result of the fraudulent affidavit.  She suffered lost income, attorney's fees, mental anguish from her arrest, and deprivation of her constitutional rights.

**WHEREFORE**, Maria Martinez demands judgment against Joel Valdes for damages, including, without limitation, consequential damages, incidental damages, attorney's fees and costs.

## COUNT XLVI – FALSE IMPRISONMENT MARIA MARTINEZ

### (Against Michael Linville)

325.     This is an action by **Maria Martinez against Michael Linville** in excess of $15,000 for false imprisonment.

326.     Maria Martinez realleges the allegations in paragraphs 1 through 32 as if fully set forth herein.

327.     Michael Linville knew or should have known in the exercise of due care that the probable cause affidavit was false, misleading, and contained material omissions intended to ensure the presiding judge would be duped into signing a constitutionally deficient arrest warrant for Maria Martinez's arrest.

328.    The false statements and omissions were material to a finding of probable cause.

329.    As a result of Michael Linville's actions, Maria Martinez suffered damages in being imprisoned as a result of the fraudulent affidavit.  She suffered lost income, attorney's fees, mental anguish from her imprisonment, and deprivation of her constitutional rights, personal liberty, and freedom of movement.

**WHEREFORE**, Maria Martinez demands judgment against Michael Linville for damages, including, without limitation, consequential damages, incidental damages, attorney's fees and costs.

## COUNT XLVII – FALSE IMPRISONMENT MARIA MARTINEZ

### (Against Joel Valdes)

330.    This is an action by Maria Martinez against Joel Valdes in excess of $15,000 for false imprisonment.

331.    Maria Martinez realleges the allegations in paragraphs 1 through 32 as if fully set forth herein.

332.    Joel Valdes knew or should have known in the exercise of due care that the probable cause affidavit was false, misleading, and contained material omissions intended to ensure the presiding judge would be duped into signing a constitutionally deficient arrest warrant for Maria Martinez's arrest.

333.    The false statements and omissions were material to a finding of probable cause.

334.    As a result of Joel Valdes' actions, Maria Martinez suffered damages in being imprisoned as a result of the fraudulent affidavit.  She suffered lost income, attorney's fees, mental anguish from her imprisonment, and deprivation of her constitutional rights, personal liberty, and freedom of movement.

**WHEREFORE**, Maria Martinez demands judgment against Joel Valdes for damages, including, without limitation, consequential damages, incidental damages, attorney's fees and costs.

### COUNT XLVIII – VICARIOUS LIABILITY MARIA MARTINEZ

### (Against Broward County)

335.    This is an action by Maria Martinez against Broward County in excess of $15,000 for vicarious liability for the actions of Michael Linville and Joel Valdes in procuring the false arrest and false imprisonment of Maria Martinez.

336.    Maria Martinez realleges the allegations in paragraphs 1 through 32 as if fully set forth herein.

337.    Maria Martinez asserts vicarious liability against Defendant Broward County for all actions undertaken by the Michael Linville and Joel Valdes in procuring the false arrest and false imprisonment of Maria Martinez, who engaged in the described conduct while acting in the course and scope of employment for Broward County or as its agents, and carried out the policies, customs, practices, and procedures of Broward County's sheriff department.

338.    As a result, Maria Martinez suffered damages in being arrested and imprisoned as a result of the fraudulent affidavit.  She suffered lost income, attorney's fees, mental anguish from her arrest and imprisonment, and deprivation of her constitutional rights, personal liberty, and freedom of movement.

**WHEREFORE**, Maria Martinez demands judgment against Broward County for damages, including, without limitation, consequential damages, incidental damages, attorney's fees and costs.

## COUNT XLIX – RESCISSION CAPRI

339.    This is an action for rescission by **Capri against Broward County**.

340.    Capri realleges the allegations in paragraphs 1 through 32 as if fully set forth herein.

341.    On February 8, 2016, Capri and Broward County entered into a Settlement Agreement to resolve the civil asset forfeiture litigation between the parties.  The Settlement Agreement is attached hereto as **Exhibit "E".**

342.    This Settlement Agreement was a result of duress, coercion, and fraud committed by Broward County against Capri.

343.    The attorney for Broward County, Terrance O. Lynch, Esq., informed Plaintiff's legal representatives that unless it entered into the Settlement Agreement, Broward County would continue to appeal the civil asset forfeiture litigation causing Capri to become bankrupt and limiting the ability of the Llauros to obtain needed medical care and life-prolonging medication, as well as put food on their tables, keep a roof over their heads and maintain their modes of transportation in a sprawling metropolis with woefully inadequate public transportation.

344.    The Settlement Agreement was based on the phony sworn statements contained in the Verified Complaint for Forfeiture and Affidavit for Seizure Warrant, attached hereto as **Composite Exhibit "F"**.

345.    After being forced by Broward County into signing the Settlement Agreement, the Llauro and Capri Plaintiffs discovered that the sworn facts that formed the basis of the Settlement Agreement were completely fabricated by the BSO Detectives.

346.    The Affidavit for Seizure Warrant was sworn to by the BSO Detectives on behalf

of Broward County.

347.    The Verified Complaint was sworn to by Detective Linville on behalf of Broward County, who stated that he had personal knowledge of the facts and matters stated therein.

348.    Both the Affidavit and Verified Complaint contained sworn statements claiming that there were witnesses who said that Capri was engaging in workers compensation fraud.

349.    During discovery in the related criminal proceedings, Capri discovered that the sworn statements of the BSO Detectives were complete lies.

350.    The witnesses they claimed had evidence of wrongdoing were non-existent and the existing witnesses, such as Alberto Zelaya, had been taped denying any such wrongdoing and later stated under oath at deposition that there was no wrongdoing.

351.    The BSO Detectives had no credible and actual evidence to support the false statements in their Verified Complaint and Affidavit for Seizure Warrant.  They intentionally lied on these documents in order to fraudulently obtain Plaintiffs Llauros' and Capri's monies and later force the Settlement Agreement.

352.    The Settlement Agreement was obtained through coercion, duress, and fraud by Broward County.  As a result, Capri was damaged when it had to pay Broward County $250,000.00 in civil asset forfeiture based on fraud and duress, and has incurred attorney's fees and costs.

WHEREFORE, the Settlement Agreement must be rescinded and Broward County must return to Capri the $250,000.00 payment it received, together with an award of attorney's fees and costs.

## JURY DEMAND

Plaintiffs demand a trial by jury on all claims, defenses, and issues so triable in this case.

Respectfully Submitted,

By:	_____ */s/ Richard A. Alayon* _____
Richard A. Alayon, Esq.
Florida Bar No. 934290
**ALAYON & ASSOCIATES, P.A.**
135 San Lorenzo Avenue, Suite 820
Coral Gables, Florida 33146
Phone: (305) 221-2110
Fax: (305) 221-5321
Email: pleadings@alayonlaw.com
	ralayon@alayonlaw.com

By:	_____ */s/ Richard J. Caldwell* _____
Richard J. Caldwell, Esq.
Florida Bar No. 825654
66 W. Flagler Street, Suite 60`
Miami, FL 33130
Phone: (305) 529-1040
E-mail:caldwelllaw@bellsouth.net

By:	_____ */s/ Anthony Accetta* ___
Anthony Accetta, Esq.
Florida Bar No. 148318
**LAW OFFICES OF ANTHONY ACCETTA PA**
135 San Lorenzo Avenue, Suite 820
Coral Gables, Florida 33146
Phone: (305) 448-4529
E-mail:law@anthonyaccetta.com