UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:19-cv-20638-GAYLES

**JUAN LLAURO, et al.**,

    Plaintiffs,

v.

**GREGORY TONY, in his official capacity as
Sheriff of Broward County Sheriff's Office, et al.**,

    Defendants.

_____/

## ORDER

    **THIS CAUSE** comes before the Court on Plaintiffs' Motion to Reopen Case and Motion for Leave to File a Second Amended Complaint (the "Motion") [ECF No. 59]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons discussed below, the Motion is denied.

**I.    BACKGROUND**[1]

    This is a civil rights action arising from Defendants' investigation and subsequent arrest of Plaintiffs Juan Llauro, Jorge Llauro, Samuel Abad, Maria Martinez, and Joel Brito for their alleged involvement in a scheme to use shell companies to avoid paying workers' compensation insurance premiums and payroll taxes. Plaintiffs filed this action on February 19, 2019. [ECF No. 1]. Plaintiffs moved to amend their Complaint pursuant to Rule 15(a)(2) on April 16, 2019, which the Court granted the following day. [ECF No. 17–18]. On July 19, 2019, Defendants filed their Motion to Dismiss the Amended Complaint ("Motion to Dismiss"). [ECF No. 33]. On June 30,

---

[1] The facts of this case are incorporated by reference from this Court's Order Dismissing Plaintiffs' Amended Complaint. *See* [ECF No. 55].

2020, the Court granted the Motion to Dismiss, dismissing Plaintiffs' federal claims with prejudice and dismissing Plaintiffs' state-law claims without prejudice[2] (the "Dismissal Order"). [ECF No. 55]. The Dismissal Order also denied Plaintiffs' request for leave to amend, finding that "Plaintiffs ha[d] not provided the Court with a compelling reason to allow amendment in the face of dismissal on the merits" *Id.* at 20 fn. 10.

A month later, on July 28, 2020, Plaintiffs appealed the Dismissal Order. [ECF No. 56]. On November 9, 2020, Plaintiffs filed the instant Motion requesting that the Court reconsider the Dismissal Order and reopen this case pursuant to Federal Rules of Civil Procedure 59 and 60 and grant Plaintiffs leave to amend their Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a). [ECF No. 59].

II.   **LEGAL STANDARD**

   A.   **Federal Rule of Civil Procedure 15(a)**

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The decision whether to grant leave to amend is committed to the sound discretion of the trial court." *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984). While a court should freely grant leave to amend, "a motion to amend may be denied on 'numerous grounds' such as 'undue delay, undue prejudice to the defendants, and futility of the amendment.'" *Maynard v. Bd. of Regents Div. of Fla. Dep't of Educ. ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1287 (11th Cir. 2003) (citations omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given.'"). "Although leave to amend may still be granted

---

[2] The Court declined to exercise supplemental jurisdiction over Plaintiffs' state-law claims.

2

under some circumstances, a motion for leave to amend is not appropriate where 'the court has clearly indicated either that no amendment is possible or that dismissal of the complaint also constitutes dismissal of the action.'" *Freeman v. Rice*, 399 F. App'x 540, 544 (11th Cir. 2010) (citation omitted).

      **B.**      **Federal Rule of Civil Procedure 59(e)**

"[R]econsideration of a previous order is an extraordinary remedy, to be employed sparingly." *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1358 (S.D. Fla. 2004). Courts have delineated three grounds justifying reconsideration under Federal Rule of Civil Procedure 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Kottler v. Gulf Coast Collection Bureau, Inc.*, No. 19-cv-61190, 2020 WL 3064769, at *1 (S.D. Fla. June 9, 2020) (citation omitted). A Rule 59(e) motion may not be used to relitigate old matters, raise argument, or present evidence that could have been raised prior to the entry of judgment. *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). Reconsideration is a decision "committed to the sound discretion of the district judge." *Tristar Lodging, Inc. v. Arch Specialty Ins. Co.*, 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006) (quoting *Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238–39 (11th Cir. 1985)).

      **C.**      **Federal Rule of Civil Procedure 60(b)**

Federal Rule of Civil Procedure 60(b) gives the district courts power "to vacate judgments whenever such action is appropriate to accomplish justice." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). Under Rule 60(b), a party may seek relief from a final judgment, and request reopening of its case, if any of the following circumstances exist:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
    (4) the judgment is void;
    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Rule 60(b) is an extraordinary remedy, which may be invoked only upon a showing of exceptional circumstances." *Locke v. Warren*, No. 19-cv-61056, 2020 WL 2129243, at *2 (S.D. Fla. May 5, 2020) (quoting *Tucker v. Commonwealth Land Title Ins. Co.*, 800 F.2d 1054, 1056 (11th Cir. 1986)).

### III.    DISCUSSION

In support of the Motion, Plaintiffs attach a proposed second amended complaint which they claim remediates the substantive and technical deficiencies in the Amended Complaint. Even if this is true, the instant Motion is procedurally flawed and lacks merit.

    **A.**    **Plaintiffs' Motion Under Federal Rule of Civil Procedure 15(a)**

Plaintiffs' Motion under Rule 15(a) is untimely. In the Eleventh Circuit, "Rule 15(a) has no application once the District Court has dismissed the complaint and entered final judgment for the defendant." *Lynn v. Comm'r, Ga. Dep't of Corr.*, No. 20-11398-A, 2020 WL 6054358, at *2 (11th Cir. Sept. 30, 2020) (quoting *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010)); *see Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1075 (11th Cir. 2017) ("[A]fter the district court [has] entered its order of dismissal, Plaintiffs [may] request leave to amend to address the concerns in the order … under Rule 59(e) or Rule 60(b)(6)," not Rule 15(a).). Therefore, a "Rule 15(a) motion is timely if filed before entry of the judgment." *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1361-62 (11th Cir. 2006).

Plaintiffs argue that the Motion is timely because no final judgment has been entered. Plaintiffs point to Federal Rule of Civil Procedure 58(a), which provides, in pertinent part, that judgment is considered entered when set out in a separate document or within 150 days from the entry of an order in the civil docket. *See* Fed. R. Civ. P. 58(a). At the time Plaintiffs filed the Motion, the Court had not set out the judgment in a separate document and it had been less than 150 days from entry of the Dismissal Order. As a result, Plaintiffs contend the time to file a Rule 15(a) motion had not yet expired. This would otherwise be true, except that Plaintiffs appealed the Dismissal Order, thereby acknowledging it to be a final judgment.

Pursuant to 28 U.S.C. § 1291, "[t]he courts of appeals . . . [only] have jurisdiction of appeals from [] final decisions of the district courts of the United States." "For purposes of § 1291, a final decision or final judgment 'is normally deemed not to have occurred until there has been a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Plaintiff A v. Schair*, 744 F.3d 1247, 1252 (11th Cir. 2014) (quoting *Midland Asphalt Corp. v. United States,* 489 U.S. 794, 798 (1989)); *see also CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000) ("A final decision is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." (quotations and citations omitted)). "[A]n order dismissing a complaint is not final and appealable unless the order holds that it dismisses the entire action or that the complaint cannot be saved by amendment." *Van Poyck v. Singletary*, 11 F.3d 146, 148 (11th Cir. 1994). "If the language used by the court clearly evidences the judge's intention that it shall be his final act[,] it constitutes a

final judgment . . ." *Erstling v. S. Bell Tel. & Tel. Co.*, 255 F.2d 93, 95 (5th Cir. 1958).[3] The Dismissal Order here evinces such intention.

After the Court entered the Dismissal Order, Plaintiffs had the choice of "either pursuing a permissive right to amend [the] complaint after dismissal or [] treating the order as final and filing for appeal." *Czeremcha v. Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO*, 724 F.2d 1552, 1554 (11th Cir. 1984). Instead of filing a Rule 15(a) motion right after the Court entered the Dismissal Order, Plaintiffs chose to treat the Dismissal Order as a final judgment and filed a notice of appeal. *See Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1260–61 (11th Cir. 2006) ("By filing an appeal in this manner, however, [the plaintiff] elected to stand on its Second Amended Complaint and waived its right to further amendment."); *Briehler v. City of Miami*, 926 F.2d 1001, 1002 (11th Cir. 1991) (finding that when plaintiff chose not to amend its complaint after the district court gave plaintiff leave to do so, "there was nothing left for the district court to do and the court's order of dismissal became final when [Plaintiff] filed his notice of appeal."). Because the instant Motion came after Plaintiffs filed their notice of appeal, which effectively caused the Dismissal Order to operate as a final judgment for purposes of conferring appellate jurisdiction pursuant to 28 U.S.C. § 1291, Plaintiffs' Motion under Rule 15(a) was not timely. Therefore, the Motion brought under Rule 15(a) must be denied.

**B.      Plaintiffs' Motion Under Federal Rule of Civil Procedure 59(e)**

Plaintiffs' request under Rule 59(e) is also untimely. "Timeliness constitutes a jurisdictional dimension central to . . . the motion for reconsideration. . . . [A]n untimely filed motion to alter or amend cannot invoke a trial court's jurisdiction." *Hertz Corp. v. Alamo Rent-A-*

---

[3] The Eleventh Circuit has adopted as its body of precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981 in *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981).

6

*Car, Inc.*, 16 F.3d 1126, 1129 (11th Cir. 1994). Pursuant to Rule 59, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59. Since Plaintiffs chose to treat the Dismissal Order as a final judgment by appealing to the Eleventh Circuit, Plaintiffs' 28-day deadline began to run on June 30, 2020—the date the Dismissal Order was entered.[4]

Here, Plaintiffs filed their Rule 59(e) Motion more than four months after the Dismissal Order, therefore Plaintiff's Motion is untimely. *See Miller v. Ascom Holding AG*, No. 8:19-CV-2582-T-60CPT, 2020 WL 7260772, at *1 (M.D. Fla. Dec. 10, 2020) ("Plaintiff seeks reconsideration of the dismissal of her amended complaint under Rule 59(e). . . . The instant motion – filed nearly six months after the Court's Order dismissing her claims – is clearly untimely."). Since the Motion is untimely, the Court has no jurisdiction to consider it.[5] Accordingly, the Plaintiffs' Motion for relief pursuant to Rule 59(e) is denied.

    **C.**     **Plaintiffs' Motion Under Federal Rule of Civil Procedure 60(b)**

Plaintiffs have not established they are entitled to relief under Rule 60(b). Plaintiffs do not assert they are entitled to relief pursuant to any particular subsection of Rule 60(b). As the Court does not read the Motion as falling under subsections (1)–(5), the Court therefore construes the Motion as falling under subsection (b)(6)—the "catch-all" provision, permitting relief for any other justifiable reason. Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) is invokable only in exceptional circumstances that, without relief, would cause extreme and unexpected hardship. *Imperato v. Hartford Ins. Co.*, 803 F. App'x 229, 231 (11th Cir. 2020); *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). Here, Plaintiffs have not asserted that, without relief, an extreme and

---

[4] Even if the Court were to find that the 28-day deadline began to run upon the filing of the notice of appeal, on July 28, 2020, its conclusion and rationale remain the same.
[5] If Plaintiffs wanted the Court to reconsider the Dismissal Order, they should have moved for reconsideration prior to any appeal.

unexpected hardship will result. Therefore, the Court denies the Motion under Rule 60(b)(6) because Plaintiffs have not shown "exceptional circumstances."

IV. **CONCLUSION**

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion to Reopen Case and Motion for Leave to File a Second Amended Complaint, [ECF No. 59], is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of March, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE